In the United States Bankruptcy Court

For the District Of Delaware

FILED
2007 APR 19 PM 3: 29
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 05-10707 |
| | ) | |
| Andrea Klika, | ) | Chapter 7 |
| Debtor, Pro Se | ) | |
| | ) | |
| In re: | ) | Adversary Nos. 06-50605 (MFW) |
| | ) | and 06-50607 (MFW), CONSOLIDATED |
| Kelly Beaudin Stapleton, | ) | |
| United States Trustee, | ) | Notice of Appeal of Order granting Motion for |
| Plaintiff | ) | partial summary judgment and the accompanied |
| v. | ) | Memorandum Opinion |
| | ) | |
| Andrea Klika, | ) | |
| Defendant | ) | |

**NOTICE OF APPEAL**

Andrea Klika, Debtor and Defendant, Pro Se, appeals under 28 U.S.C. § 158(a) or (b) from the Order granting the motion for partial summary judgment and the accompanied Memorandum Opinion of the bankruptcy judge entered in this adversary proceeding on the 16th day of March 2007.

Refer to the following submissions: 1) Motion (and Notice) for extension to file notice of appeal; 2) Notice of appeal, herein, with transmittal copy to judge; 3) Motion (and Notice) to proceed *in forma pauperis* with affidavit; 4) Motion (and Notice) for leave to appeal; 5) Motion for stay the effect of the order.

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows (appearing on the next page):

Mr. David Buchbinder, Esq.
[representative of U.S. Trustee, Kelly Beaudin Stapleton, plaintiff]
Office of the United States Trustee
J. Caleb Bogg Federal Building
844 King Street, Lockbox 35
Room 2207
Wilmington, DE  19801
Telephone No.: (302) 573-6491

Mr. Bradford Sandler, Esq. and Mr. Jonathan Stemerman, Esq.
Adelman, Lavin, Gold and Levin
[representatives of Trustee, George Miller, plaintiff]
919 N. Market Street, Suite 710
Wilmington, DE  19801
Telephone No.: (302) 654-8200

Dated: 19 April 2007       Signed: _____
                           Appelant, Pro Se
                           Address:      100 Belltown Terrace
                                         Bear, DE  19701-1065
                           Telephone No.  (302) 325-1107

    If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

    *If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

## CERTIFICATE OF SERVICE

I, Andrea Klika, certify that I am not less than 18 years of age, and that service of the Notice of Appeal was made on 19 April 2007 by U.S. Mail:

Jonathan Stemerman, Esq.
Bradford Sandler, Esq.
Adelman Lavine Gold and Levin
919 N. Market St., Suite 710
Wilmington, DE 19801
[Representing U.S. Trustee George Miller]

D. Buchbinder, Esq.
Kelly B. Stapleton, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Bldg. at 844 King St.
Rm. 2207
Lockbox 35
Wilmington, DE 19801
[D. Buchbinder, Esq., Representing U.S. Trustee]

Under penalty of perjury, I declare that the foregoing is true and correct.

19 April 2007
Date

Signature
Andrea B. Klika

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ANDREA KLIKA,<br><br>      Debtor.<br><hr>KELLY BEAUDIN STAPLETON,<br>UNITED STATES TRUSTEE<br><br>      Plaintiff,<br><br>    v.<br><br>ANDREA KLIKA,<br><br>      Defendant. | Chapter 7<br><br>Case No. 05-10707 (MFW)<br><br>Adversary Nos. 06-50605 (MFW)<br>and 06-50607 (MFW)<br><br>Consolidated |

## MEMORANDUM OPINION[1]

Before the Court is the Motion of the chapter 7 trustee for partial summary judgment on his Complaint objecting to the discharge of Andrea Klika (the "Debtor") pursuant to section 727(a)(6) of the Bankruptcy Code. For the reasons stated below, the Court will grant the motion.

I. FACTUAL BACKGROUND

On March 11, 2005, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. At a December 8,

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2005, hearing, the Court granted the Motion of the United States Trustee (the "UST") to convert the case. At that time, the Court directly addressed the Debtor and orally ordered her not to dissipate assets of American Transactions, Inc. ("ATI"), a corporation solely owned by the Debtor (the "Non-dissipation Order"). Notwithstanding the Court's admonitions, immediately after the hearing, the Debtor made numerous purchases and withdrawals (totaling $12,169.71) from ATI's two business accounts at PNC Bank. During this time, the Debtor also issued several checks (totaling $5,909.84) which were drawn on ATI's checking account.

On the following Monday, December 12, 2005, the conversion order was entered and George L. Miller (the "Trustee") was appointed. On December 16, 2005, the Trustee filed a Motion to compel the production of documents, including ATI's books and records. On December 22, 2005, the Court issued an order instructing the Debtor to produce ATI's books and records pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 (the "Production Order"). On December 23, 2005, the Debtor produced some of ATI's documents to the Trustee. The Debtor admits she has more of ATI's records in her possession.

On March 16, 2006, the Trustee filed a Complaint objecting to the Debtor's discharge on numerous grounds, including fraud, failure to obey Court orders, and concealment, destruction,

mutilation, falsification, or failure to keep or preserve books and records of the Debtor's financial information.[2] The Trustee's Complaint was amended on March 17, 2006. On September 29, 2006, the Trustee filed a Motion for partial summary judgment on Counts VI and VII of the Complaint, seeking denial of the Debtor's discharge based on her refusal to obey the Court's Non-dissipation and Production Orders. The Motion is opposed by the Debtor. The matter has been fully briefed and is ripe for decision.

II. JURISDICTION

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

III. DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All inferences are drawn in favor of the non-moving party. Anderson v. Liberty Lobby,

---

[2] The UST also filed a complaint objecting to the Debtor's discharge. The two adversary proceedings have been consolidated.

3

Inc., 477 U.S. 242, 255 (1986). To defeat a motion for summary judgment, the non-moving party must come forward with specific evidence that there is a genuine issue of material fact. Celotex, 477 U.S. at 249. "A genuine issue of material fact exists when reasonable minds could disagree on the result." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

B. Section 727(a)(6)

The Trustee seeks partial summary judgment on his Complaint objecting to the Debtor's discharge pursuant to section 727(a)(6)(A) based on the Debtor's refusal to obey two separate orders of this Court.

Section 727(a)(6) provides:

> (a) The court shall grant the debtor a discharge, unless
>
> . . .
>
>> (6) the debtor has refused, in the case -
>>
>>> (A) to obey any lawful order of the court, other than to respond to a material question or to testify . . . .

11 U.S.C. § 727(a)(6)(A). Thus, to deny a debtor a discharge under section 727(a)(6)(A) four elements must be met: 1) the court issued an order directed at the debtor; 2) the order was lawful; 3) the order did not require the debtor to respond to a material question or to testify; and 4) the debtor refused to obey the order. Numerous courts have held that a debtor must be

4

denied a discharge under section 727(a)(6)(A) if the debtor acts in violation of, or in contempt of, a court order. See e.g., In re Jones, 966 F.2d 169, 172-74 (5th Cir. 1992) (affirming summary judgment denying a discharge on the ground that the debtor violated a court order); In re Stazberg, 42 F. Supp. 282, 283 (E.D. Pa. 1941) (denying discharge based on debtor's refusal to obey referee's turnover order); In re Landes, 201 B.R. 399, 405-10 (Bankr. E.D. Pa. 1996) (denying discharge based on debtor's refusal to comply with consent decree entered in a related corporation's case).

A denial of discharge under section 727(a)(6)(A) must be based on a willful and intentional refusal to obey a lawful order of the court. Wilmington Trust Co. v. Jarrell (In re Jarrell), 129 B.R. 29, 33 (Bankr. D. Del. 1991); 4 Collier on Bankruptcy ¶ 727.09[2] (15th ed. 1979). A mere failure, inability or mistake is insufficient to warrant denial of discharge under section 727(a)(6)(A). Jarrell, 129 B.R. at 33; 4 Collier on Bankruptcy at ¶ 727.09[2]. In determining whether the debtor's disobedience justifies the harsh consequences of a denial of the debtor's discharge, a court may consider factors such as the intent behind the debtor's acts, whether the acts were willful, whether there was a justifiable excuse, whether there was injury to creditors and whether there is some way the debtor could make amends. Skilled Nursing Home Care, Inc. v. Juris (In re Juris),

Nos. 07-11655-DAS, 97-0757-DAS, 1997 WL 675453, at *3 (Bankr. E.D. Pa. Oct. 28, 1997).

### 1. Non-Dissipation Order

Count VI of the Trustee's Complaint seeks denial of discharge based on the Debtor's refusal to comply with the Non-dissipation Order. At the conclusion of the December 8, 2005, hearing, at which the Debtor was present, the Court ordered, that "all assets should remain in the American Transaction or Debtor's account, wherever they are, until the Trustee is appointed." (Hearing Transcript at 89-90.) The Order was lawful. 11 U.S.C. § 105(a) (authorizing court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"). The Order did not require that the Debtor respond to a material question or testify.

On December 9, 2005, the day after the Debtor was ordered by the Court not to dissipate ATI's assets, the Debtor made a purchase in the amount of $1,293 from ATI's checking account. On December 10, 2005, the Debtor wrote several checks totaling $3,850. (ATI Bank Statements at 1-3.) On December 12, 2005, the Debtor made various purchases and withdrawals from the checking account totaling $1,250.50 and a withdrawal of $5,000 from ATI's money market account. The Debtor also made purchases in the amount of $1,228 on December 13, 2005, and $3,398 on December 16, 2005.

6

The Debtor does not deny dissipating ATI's funds, but argues that she was unaware of the Non-dissipation Order. This is not credible given the fact that the Order was directly communicated to her by the Court at the December 8 hearing. Not only did the Court directly address the Debtor and her attorney at the hearing, but the Debtor's attorney immediately assured the Court that the Debtor would comply. The Court finds that the Debtor's withdrawal of more than $16,000 from ATI's accounts between December 9 and December 16, 2005, was an intentional and willful refusal to obey the Court's Non-dissipation Order. The Trustee is entitled to judgment on Count VI of his Complaint.

2. Order to Produce ATI's Books and Records

Count VII of the Trustee's Complaint seeks denial of the Debtor's discharge based on the Debtor's refusal to comply with the Production Order which directed her to produce to the Trustee all of the books and records of ATI. Specifically, the 2004 Order directed the Debtor to produce

> all the corporate books, bylaws, articles of incorporation, employment contracts, any contracts to which ATI is a party, audited and unaudited financial statements, minutes of meetings of the board of directors, resolutions of the board of directors, loan documents (including, without limitation, mortgages, promissory notes), accounting ledgers, schedule of payables, schedule of receivables, stock certificates, hard drives, correspondence by or from any employee of ATI, emails to or from any person in the possession, custody or control of the Debtor . . . and any other books and records of ATI requested by the Trustee or his counsel.

7

(Order to Compel the Production of Documents at 2). The Order was lawful and was not one requiring that the Debtor respond to a material question or testify. 11 U.S.C. § 105; Fed. R. Bankr. P. 2004.

On December 23, 2005, the Debtor produced some of ATI's corporate books, stock certificates, stock ledger, certificate of incorporation and corporate seal to the Trustee. The Debtor has admitted, however, that a substantial portion of ATI's documents remain in her possession. (Transcript of Meeting of Creditors dated February 15, 2006, at pp. 44-45.)

The Debtor's knowledge of the Production Order is evidenced by her production of some of the ATI documents on December 23, 2005. Further, her testimony at the meeting of creditors shows she knew of that Order. The Debtor does not deny disobeying the Production Order. The Debtor never contacted the Court for an extension nor has she attempted to produce the remaining ATI documents in her possession. The Court finds no factual dispute and concludes that the Debtor's actions constitute a willful and intentional refusal to obey the Production Order. Accordingly, the Court concludes that the Trustee is entitled to summary judgment on Count VII of his Complaint.[3]

---

[3] A substantial part of the Debtor's brief addresses the counts of the Trustee's complaint which are based on fraud. She also spends considerable time alleging violations of the Bankruptcy Code by the Trustee, the UST and attorneys involved in the proceedings. The Trustee's Motion for partial summary

8

IV. CONCLUSION

For the foregoing reasons, the Court will grant the Trustee's Motion for partial summary judgment and deny the Debtor a discharge under section 727(a)(6)(A).

An appropriate Order is attached.

BY THE COURT:

Dated: March 16, 2007

*Mary F. Walrath*
Mary F. Walrath
United States Bankruptcy Judge

---

judgement is not, however, premised on the fraud counts of his Complaint. Because a denial of the Debtor's discharge based on section 727(a)(6)(A) is dispositive of her right to a general discharge, the Court will not address the Debtor's various responses to the Trustee's other claims.

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ANDREA KLIKA,<br><br>    Debtor.<br>───────────────────<br>KELLY BEAUDIN STAPLETON,<br>UNITED STATES TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA KLIKA,<br><br>    Defendant. | Chapter 7<br><br>Case No. 05-10707 (MFW)<br><br><br>Adversary Nos. 06-50605 (MFW)<br>and 06-50607 (MFW)<br><br>Consolidated |

**O R D E R**

**AND NOW**, this **16th** day of **MARCH, 2007**, upon consideration of the Motion for partial summary judgment filed by George L. Miller, chapter 7 Trustee, on his Complaint seeking denial of a discharge to the Debtor and the Debtor's response thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for partial summary judgment is hereby **GRANTED**; and it is further

ORDERED that Andrea Klika's discharge is **DENIED** pursuant to 11 U.S.C. § 727(a)(6)(A).

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge

cc: Bradford J. Sandler, Esquire[1]

---

[1] Counsel shall serve a copy of this Opinion and Order on all interested parties, including the parties listed on the attached Service List and file a Certificate of Service to that effect.

SERVICE LIST

Andrea Klika
100 Belltown Terrace
Bear, DE 19701
Debtor

Bradford J. Sandler, Esquire
Jonathan M. Stemerman, Esquire
Adelman, Lavin, Gold and Levin
919 North Market Street, Suite 710
Wilmington, DE 19801
Counsel to the Chapter 7 Trustee

David Buchbinder, Esquire
Kelly Beaudin Stapleton, Esquire
Office of the United States Trustee
J. Caleb Bogg Federal Building
844 King Street, Lockbox 35
Room 2207
Wilmington, DE 19801
Counsel to the United States Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| ANDREA KLIKA, ) | Case No. 05-10707 (MFW) |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Adversary Nos. 06-50605(MFW) |
| KELLY BEAUDIN STAPLETON, ) | and 06-50607 (MFW) |
| UNITED STATES TRUSTEE ) | |
| ) | Consolidated |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREA KLIKA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **O R D E R**

**AND NOW**, this **16th** day of **MARCH, 2007**, upon consideration of the Motion for partial summary judgment filed by George L. Miller, chapter 7 Trustee, on his Complaint seeking denial of a discharge to the Debtor and the Debtor's response thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for partial summary judgment is hereby **GRANTED**; and it is further

**ORDERED** that Andrea Klika's discharge is **DENIED** pursuant to 11 U.S.C. § 727(a)(6)(A).

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge

cc:  Bradford J. Sandler, Esquire[1]

---

[1] Counsel shall serve a copy of this Opinion and Order on all interested parties, including the parties listed on the attached Service List and file a Certificate of Service to that effect.

```
                         SERVICE LIST


Andrea Klika
100 Belltown Terrace
Bear, DE 19701
Debtor

Bradford J. Sandler, Esquire
Jonathan M. Stemerman, Esquire
Adelman, Lavin, Gold and Levin
919 North Market Street, Suite 710
Wilmington, DE 19801
Counsel to the Chapter 7 Trustee

David Buchbinder, Esquire
Kelly Beaudin Stapleton, Esquire
Office of the United States Trustee
J. Caleb Bogg Federal Building
844 King Street, Lockbox 35
Room 2207
Wilmington, DE 19801
Counsel to the United States Trustee
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

APPEAL TRANSMITTAL SHEET

(AP-07-14)

Case Number: 06-50605 ◯ BK ● AP

If AP, related BK Case Number: 05-10707

Title of Order Appealed: Order Granting Motion for Partial Summary Judgment and Denying Debtor's Discharge

Docket Number: 29    Date Entered: _____

Item Transmitted:
● Notice of Appeal        ● Motion for Leave to Appeal
◯ Amended Notice of Appeal   ◯ Cross Appeal
Docket Number: _____      Date Filed: _____

*Appellant/Cross Appellant:       *Appellee/Cross Appellee
Andrea Klika                      Kelly Beaudin Stapleton, US Trustee
Counsel for Appellant:            Counsel for Appellee:
PRO SE

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ◯ Yes  ● No

IFP Motion Filed by Appellant?  ● Yes  ◯ No  (IFP attached to Notice of Appeal as exhibit)

Have Additional Appeals to the Same Order been Filed? ◯ Yes  ◯ No
   If so, has District Court assigned a Civil Action Number?  ◯ Yes  ◯ No  Civil Action # _____

Additional Notes: _____

5/2/07                            By: Mary Ellen Behonar
Date                                  Deputy Clerk

Bankruptcy Court Appeal (BAP) Number: (AP-07-14)     FOR USE BY U.S. BANKRUPTCY COURT
7/6/06