IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 05-10707 (MFW) |
| | ) | (Chapter 7) |
| ANDREA KLIKA, | ) | |
|     Debtor, Pro Se | ) | Adv. Nos. 06-50605 (MFW) |
| | ) | and 06-50607 (MFW) |
| In re: | ) | CONSOLIDATED |
| | ) | |
| KELLY BEAUDIN STAPLETON, | ) | D.C. NO. 07-240 GMS |
| United States Trustee, | ) | |
|     Plaintiff | ) | **AMENDMENT TO:** |
|     Appellee | ) | MOTION FOR LEAVE TO |
| v. | ) | APPEAL PURSUANT TO |
| | ) | FED. R. BANKRUPTCY |
| ANDREA KLIKA, | ) | PROCEDURE RULES |
|     Defendant | ) | 8001(b)(2) AND 8003, AND |
|     Appellant | | 28 U.S.C. §158(a)(3) AND |
| | | §158(a)(1). |

**AMENDMENT TO:** MOTION FOR LEAVE TO APPEAL PURSUANT TO FED. R. BANKRUPTCY PROCEDURE RULES 8001(b)(2) AND 8003, AND 28 U.S.C. §158(a)(3) AND §158(a)(1).

Andrea Klika, Debtor and Defendant, Pro Se (Debtor, Movant), requests that this Honorable Court grants permission from the courts for leave to appeal pursuant to F.R.B.P. Rules 8001(b)(2) and 8003, and 28 U.S.C. §158(a)(3) and 158(a)(1) from the Order granting the motion for partial summary judgment and the accompanied Memorandum Opinion of the bankruptcy judge entered in the above adversary proceeding on the 16th day of March 2007. The Motion hearing date, time, and location will be scheduled by the District Court following the filing of this amended Motion docketed in the U.S. District Court for the District of Delaware and the original Motion that was docketed in the Bankruptcy Court in the District of Delaware.

Refer also to the following submissions: 1) Motion (and Notice) for extension to file notice of appeal [granted]; 2) Notice of appeal and transmittal copy to judge; 3) Motion (and Notice) to proceed *in forma pauperis* with affidavit; 4) Motion (and Notice) for leave to appeal and Amendment to Motion for leave to appeal, herein; 5) Motion (and Notice) and Amendment to Motion for stay the effect of the Order from hearing day and the Order.

**1.      A copy of Order granting the Motion for Partial Summary Judgment and accompanying Memorandum Opinion ("Order and Memo Opinion") being appealed and is *ATTACHED*, herein.**

**2.      Facts necessary to an understanding of the questions to be presented by the appeal are, including but not limited to:**

The Bankruptcy Court erred in its review and consideration of Debtor's answers to the Motions for Summary Judgments denying debtor discharge (the "Motions"), therefore erred in the standard of review for granting of summary judgment.

a.      All material allegations and assertions in the Motions have been denied by Debtor by way of proffer and affidavit.

b.      "Genuine Issues" exist that are material, sustained by substantial facts and evidence, that preclude rendition of summary judgment.

c.      "Genuine issue of facts" exist that preclude rendition of summary judgment.

d.      These Issues are disputed points or questions and have been and are controverted by parties and fact-in-evidence of the activity of rebuttal of parties.

e.  Facts and evidence presented by Debtor are material and have been proven by Debtor establishing essential elements of the case and defense precluding granting of summary judgment.

f.  Material facts and evidence being favorable to Defendant, Klika, have been suppressed by Plaintiffs, US Trustee and Trustee.

g.  Material misrepresentation made willfully to deceive and maliciously by Plaintiffs, US Trustee and Trustee are material to the case and defense of Defendant.

**3.1    Questions are, including but not limited to:**

a.  Why would the Court base all its decisions on the allegations known to be false and perjury by the Dept of Justice and Trustee (material to the issues and material evidence and facts in the Record), contrary in its duty as an arbiter of justice and bound by the rules of law and legal due process?

b.  Since the Court has given weight to the unending perjury and lies and misrepresentations including suppression of material facts and evidence by the Department of Justice and Trustee and unending unproven allegations by the Dept. of Justice and Trustee, and has accordingly ignored Court procedures, black letter laws, and standards of review, and standard procedures, and burden of proof, why doesn't the Judge recuse herself?

c.  The Judge has exhibited pronounced bias against the Debtor by denying her a fair proceeding, and by ignoring all the material evidence that the Debtor has put into the Record in open Court and docketed, and should therewith recuse herself retroactive to this decision. A recent example of this bias includes the recent denial of the Defendant's

Motion to Stay the Order that is being appealed, even though Debtor made a strong case for irreparable damage to Debtor if denied, no damage to Creditors if granted, and no damage to public if granted. The probability of winning the appeal is only an opinion that, of course, the Defendant opinions the possibility of winning based on merit and the Court opinions the possibility of loss based on merit. The Court weighed only in its favor and the judge should recuse herself from the bankruptcy case. Why doesn't the judge recuse herself?

**3.2    Relief Sought by Debtor:**

a.    Vacate Order and Memo Opinion.

b.    Bankruptcy judge should recuse herself.

c.    Bankruptcy case should be dismissed.

d.    All adversary proceedings and other bankruptcy proceedings should be terminated and should be dismissed.


**4.    Reasons why an appeal should be granted are, including but not limited to:**

a.    Genuine issues exist that preclude entry of summary judgment.

b.    Issues, facts, evidence, and material misrepresentations by the Plaintiff are material.

c.    Genuine issues are material.

d.    Statements made by the Court in the Order and Memo Opinion are untrue and unsupported in the Record. From the inception of this bankruptcy case and consolidated adversary proceeding, none of the Court's allegations have ever been supported by facts or evidence and the Debtor has time and time again had to disprove these false

allegations with written material evidence which has been entered into the Record in open Court and has been Docketed. Material facts and evidence have been docketed.

e.   See sections 2 and 3.1 and 3.2 above.

f.   I am pro se and have right of due process of law under the laws of the U.S. Constitution.

Dated: May 14, 2007

Andrea B. Klika
Debtor, Pro Se
100 Belltown Terrace
Bear, DE 19701
(302) 325-1107

## CERTIFICATE OF SERVICE

I, Andrea Klika, certify that I am not less than 18 years of age, and that service of the Motion for Leave to Appeal was previously made on 19 April 2007 by U.S. Mail and that service of a Notice of Motion previously made on 30 April 2007 by U.S. Mail and the Amendment of the Motion for Leave to Appeal made on 14 May 2007 by U.S. Mail to the following:

Dilworth Paxson LLP
Peter C. Hughes, Esq.
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595
[Representing U.S. Trustee George Miller]

D. Buchbinder, Esq.
Kelly B. Stapleton, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Bldg. at 844 King St.
Rm. 2207
Lockbox 35
Wilmington, DE 19801
[D. Buchbinder, Esq., Representing U.S. Trustee]

Under penalty of perjury, I declare that the foregoing is true and correct.

14 May 2007
Date

Signature
Andrea B. Klika

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 05-10707 (MFW) |
| ) | (Chapter 7) |
| ANDREA KLIKA, ) | |
| Debtor, Pro Se ) | Adv. Nos. 06-50605 (MFW) |
| ) | and 06-50607 (MFW) |
| In re: ) | CONSOLIDATED |
| ) | |
| KELLY BEAUDIN STAPLETON, ) | **D.C. NO. 07-240 GMS** |
| United States Trustee, ) | |
| Plaintiff ) | **MOTION and** |
| Appellee ) | **AMENDMENT TO:** |
| v. ) | MOTION FOR LEAVE TO |
| ) | APPEAL PURSUANT TO |
| ANDREA KLIKA, ) | FED. R. BANKRUPTCY |
| Defendant ) | PROCEDURE RULES |
| Appellant | 8001(b)(2) AND 8003, AND |
| | 28 U.S.C. §158(a)(3) AND |
| | §158(a)(1). |

**ORDER**
**AMENDMENT TO:** MOTION FOR LEAVE TO APPEAL PURSUANT TO FED. R.
BANKRUPTCY PROCEDURE RULES 8001(b)(2) AND 8003, AND 28 U.S.C.
§158(a)(3) AND §158(a)(1).

**Upon consideration and hearing of the Motion and Amended Motion for**

**Leave to Appeal** with the attached Order granting the motion for partial summary

judgment and the accompanied Memorandum Opinion of the bankruptcy judge entered in

the adversary proceeding on the 16th day of March 2007, **and any answers thereof, it is**

**hereby**

ORDERED that the Motion for Leave to Appeal is **GRANTED.**

Date: _____, 2007        _____
                               The Honorable Gregory M. Sleet
                               United States District Court Judge
                               District of Delaware

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ANDREA KLIKA,<br><br>    Debtor.<br>_____<br><br>KELLY BEAUDIN STAPLETON,<br>UNITED STATES TRUSTEE<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREA KLIKA,<br><br>    Defendant. | Chapter 7<br><br>Case No. 05-10707 (MFW)<br><br><br><br>Adversary Nos. 06-50605(MFW)<br>and 06-50607 (MFW)<br><br>Consolidated |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of the chapter 7 trustee for partial summary judgment on his Complaint objecting to the discharge of Andrea Klika (the "Debtor") pursuant to section 727(a)(6) of the Bankruptcy Code. For the reasons stated below, the Court will grant the motion.

I.  FACTUAL BACKGROUND

On March 11, 2005, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. At a December 8,

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2005, hearing, the Court granted the Motion of the United States Trustee (the "UST") to convert the case. At that time, the Court directly addressed the Debtor and orally ordered her not to dissipate assets of American Transactions, Inc. ("ATI"), a corporation solely owned by the Debtor (the "Non-dissipation Order"). Notwithstanding the Court's admonitions, immediately after the hearing, the Debtor made numerous purchases and withdrawals (totaling $12,169.71) from ATI's two business accounts at PNC Bank. During this time, the Debtor also issued several checks (totaling $5,909.84) which were drawn on ATI's checking account.

On the following Monday, December 12, 2005, the conversion order was entered and George L. Miller (the "Trustee") was appointed. On December 16, 2005, the Trustee filed a Motion to compel the production of documents, including ATI's books and records. On December 22, 2005, the Court issued an order instructing the Debtor to produce ATI's books and records pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 (the "Production Order"). On December 23, 2005, the Debtor produced some of ATI's documents to the Trustee. The Debtor admits she has more of ATI's records in her possession.

On March 16, 2006, the Trustee filed a Complaint objecting to the Debtor's discharge on numerous grounds, including fraud, failure to obey Court orders, and concealment, destruction,

2

mutilation, falsification, or failure to keep or preserve books and records of the Debtor's financial information.[2] The Trustee's Complaint was amended on March 17, 2006. On September 29, 2006, the Trustee filed a Motion for partial summary judgment on Counts VI and VII of the Complaint, seeking denial of the Debtor's discharge based on her refusal to obey the Court's Non-dissipation and Production Orders. The Motion is opposed by the Debtor. The matter has been fully briefed and is ripe for decision.

II. JURISDICTION

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

III. DISCUSSION

   A. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All inferences are drawn in favor of the non-moving party. Anderson v. Liberty Lobby,

---

[2] The UST also filed a complaint objecting to the Debtor's discharge. The two adversary proceedings have been consolidated.

3

Inc., 477 U.S. 242, 255 (1986). To defeat a motion for summary judgment, the non-moving party must come forward with specific evidence that there is a genuine issue of material fact. Celotex, 477 U.S. at 249. "A genuine issue of material fact exists when reasonable minds could disagree on the result." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

B. Section 727(a)(6)

The Trustee seeks partial summary judgment on his Complaint objecting to the Debtor's discharge pursuant to section 727(a)(6)(A) based on the Debtor's refusal to obey two separate orders of this Court.

Section 727(a)(6) provides:

> (a) The court shall grant the debtor a
> discharge, unless
>     . . .
>
>     (6) the debtor has refused, in the
>     case -
>
>         (A) to obey any lawful order of the court,
>         other than to respond to a material question
>         or to testify . . . .

11 U.S.C. § 727(a)(6)(A). Thus, to deny a debtor a discharge under section 727(a)(6)(A) four elements must be met: 1) the court issued an order directed at the debtor; 2) the order was lawful; 3) the order did not require the debtor to respond to a material question or to testify; and 4) the debtor refused to obey the order. Numerous courts have held that a debtor must be

4

denied a discharge under section 727(a)(6)(A) if the debtor acts in violation of, or in contempt of, a court order. See e.g., In re Jones, 966 F.2d 169, 172-74 (5th Cir. 1992) (affirming summary judgment denying a discharge on the ground that the debtor violated a court order); In re Stazberg, 42 F. Supp. 282, 283 (E.D. Pa. 1941) (denying discharge based on debtor's refusal to obey referee's turnover order); In re Landes, 201 B.R. 399, 405-10 (Bankr. E.D. Pa. 1996) (denying discharge based on debtor's refusal to comply with consent decree entered in a related corporation's case).

A denial of discharge under section 727(a)(6)(A) must be based on a willful and intentional refusal to obey a lawful order of the court. Wilmington Trust Co. v. Jarrell (In re Jarrell), 129 B.R. 29, 33 (Bankr. D. Del. 1991); 4 Collier on Bankruptcy ¶ 727.09[2] (15th ed. 1979). A mere failure, inability or mistake is insufficient to warrant denial of discharge under section 727(a)(6)(A). Jarrell, 129 B.R. at 33; 4 Collier on Bankruptcy at ¶ 727.09[2]. In determining whether the debtor's disobedience justifies the harsh consequences of a denial of the debtor's discharge, a court may consider factors such as the intent behind the debtor's acts, whether the acts were willful, whether there was a justifiable excuse, whether there was injury to creditors and whether there is some way the debtor could make amends. Skilled Nursing Home Care, Inc. v. Juris (In re Juris),

Nos. 07-11655-DAS, 97-0757-DAS, 1997 WL 675453, at *3 (Bankr. E.D. Pa. Oct. 28, 1997).

    1.   Non-Dissipation Order

Count VI of the Trustee's Complaint seeks denial of discharge based on the Debtor's refusal to comply with the Non-dissipation Order. At the conclusion of the December 8, 2005, hearing, at which the Debtor was present, the Court ordered, that "all assets should remain in the American Transaction or Debtor's account, wherever they are, until the Trustee is appointed." (Hearing Transcript at 89-90.) The Order was lawful. 11 U.S.C. § 105(a) (authorizing court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"). The Order did not require that the Debtor respond to a material question or testify.

On December 9, 2005, the day after the Debtor was ordered by the Court not to dissipate ATI's assets, the Debtor made a purchase in the amount of $1,293 from ATI's checking account. On December 10, 2005, the Debtor wrote several checks totaling $3,850. (ATI Bank Statements at 1-3.) On December 12, 2005, the Debtor made various purchases and withdrawals from the checking account totaling $1,250.50 and a withdrawal of $5,000 from ATI's money market account. The Debtor also made purchases in the amount of $1,228 on December 13, 2005, and $3,398 on December 16, 2005.

6

The Debtor does not deny dissipating ATI's funds, but argues that she was unaware of the Non-dissipation Order. This is not credible given the fact that the Order was directly communicated to her by the Court at the December 8 hearing. Not only did the Court directly address the Debtor and her attorney at the hearing, but the Debtor's attorney immediately assured the Court that the Debtor would comply. The Court finds that the Debtor's withdrawal of more than $16,000 from ATI's accounts between December 9 and December 16, 2005, was an intentional and willful refusal to obey the Court's Non-dissipation Order. The Trustee is entitled to judgment on Count VI of his Complaint.

    2.    <u>Order to Produce ATI's Books and Records</u>

Count VII of the Trustee's Complaint seeks denial of the Debtor's discharge based on the Debtor's refusal to comply with the Production Order which directed her to produce to the Trustee all of the books and records of ATI. Specifically, the 2004 Order directed the Debtor to produce

> all the corporate books, bylaws, articles of incorporation, employment contracts, any contracts to which ATI is a party, audited and unaudited financial statements, minutes of meetings of the board of directors, resolutions of the board of directors, loan documents (including, without limitation, mortgages, promissory notes), accounting ledgers, schedule of payables, schedule of receivables, stock certificates, hard drives, correspondence by or from any employee of ATI, emails to or from any person in the possession, custody or control of the Debtor . . . and any other books and records of ATI requested by the Trustee or his counsel.

7

(Order to Compel the Production of Documents at 2). The Order was lawful and was not one requiring that the Debtor respond to a material question or testify. 11 U.S.C. § 105; Fed. R. Bankr. P. 2004.

On December 23, 2005, the Debtor produced some of ATI's corporate books, stock certificates, stock ledger, certificate of incorporation and corporate seal to the Trustee. The Debtor has admitted, however, that a substantial portion of ATI's documents remain in her possession. (Transcript of Meeting of Creditors dated February 15, 2006, at pp. 44-45.)

The Debtor's knowledge of the Production Order is evidenced by her production of some of the ATI documents on December 23, 2005. Further, her testimony at the meeting of creditors shows she knew of that Order. The Debtor does not deny disobeying the Production Order. The Debtor never contacted the Court for an extension nor has she attempted to produce the remaining ATI documents in her possession. The Court finds no factual dispute and concludes that the Debtor's actions constitute a willful and intentional refusal to obey the Production Order. Accordingly, the Court concludes that the Trustee is entitled to summary judgment on Count VII of his Complaint.[3]

---

[3] A substantial part of the Debtor's brief addresses the counts of the Trustee's complaint which are based on fraud. She also spends considerable time alleging violations of the Bankruptcy Code by the Trustee, the UST and attorneys involved in the proceedings. The Trustee's Motion for partial summary

8

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant the Trustee's Motion for partial summary judgment and deny the Debtor a discharge under section 727(a)(6)(A).

An appropriate Order is attached.

BY THE COURT:

Dated: March 16, 2007

_____
Mary F. Walrath
United States Bankruptcy Judge

---

judgement is not, however, premised on the fraud counts of his Complaint. Because a denial of the Debtor's discharge based on section 727(a)(6)(A) is dispositive of her right to a general discharge, the Court will not address the Debtor's various responses to the Trustee's other claims.

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ANDREA KLIKA,<br><br>      Debtor.<br>_____<br><br>KELLY BEAUDIN STAPLETON,<br>UNITED STATES TRUSTEE<br><br>      Plaintiff,<br><br>    v.<br><br>ANDREA KLIKA,<br><br>      Defendant. | Chapter 7<br><br>Case No. 05-10707 (MFW)<br><br>Adversary Nos. 06-50605(MFW)<br>and 06-50607 (MFW)<br><br>Consolidated |

## O R D E R

**AND NOW,** this **16th** day of **MARCH, 2007,** upon consideration of the Motion for partial summary judgment filed by George L. Miller, chapter 7 Trustee, on his Complaint seeking denial of a discharge to the Debtor and the Debtor's response thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for partial summary judgment is hereby **GRANTED**; and it is further

ORDERED that Andrea Klika's discharge is **DENIED** pursuant to 11 U.S.C. § 727(a)(6)(A).

BY THE COURT:

*[signature]*

Mary F. Walrath
United States Bankruptcy Judge

cc: Bradford J. Sandler, Esquire[1]

---

[1] Counsel shall serve a copy of this Opinion and Order on all interested parties, including the parties listed on the attached Service List and file a Certificate of Service to that effect.

SERVICE LIST

Andrea Klika
100 Belltown Terrace
Bear, DE 19701
Debtor

Bradford J. Sandler, Esquire
Jonathan M. Stemerman, Esquire
Adelman, Lavin, Gold and Levin
919 North Market Street, Suite 710
Wilmington, DE 19801
Counsel to the Chapter 7 Trustee

David Buchbinder, Esquire
Kelly Beaudin Stapleton, Esquire
Office of the United States Trustee
J. Caleb Bogg Federal Building
844 King Street, Lockbox 35
Room 2207
Wilmington, DE 19801
Counsel to the United States Trustee