IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **ORIGINAL** |
| | ) | |
| ANDREA KLIKA, | ) | |
| Debtor, Pro Se | ) | |
| | ) | D.C. NO. 07-240 GMS |
| In re: | ) | |
| | ) | |
| ANDREA KLIKA, | ) | |
| Appellant, Pro Se | ) | **MOTION TO SUPPRESS** |
| Defendant, Pro Se | ) | **THE USE OF AS** |
| | ) | **EVIDENCE AND NOTICE** |
| v. | ) | **OF MOTION.** |
| | ) | |
| KELLY BEAUDIN STAPLETON, | ) | |
| United States Trustee, | ) | |
| Appellee | ) | |
| Plaintiff | ) | |
| | ) | |
| GEORGE MILLER, | ) | |
| Chapter 7 Trustee, | ) | |
| Appellee | ) | |
| Plaintiff | ) | |

**MOTION TO SUPPRESS THE USE OF AS EVIDENCE AND NOTICE OF MOTION**

Andrea Klika, Appellant, Debtor, Pro Se (Movant), requests that this Honorable Court hears and grants this Motion pursuant to the laws and rules outlined below. The Motion hearing date, time, and location will be scheduled by the District Court following the filing of this Motion in the U.S. District Court for the District of Delaware. Designations and Issues have been filed in the U.S. Bankruptcy Court in the District of Delaware (B.C. Case No. 05-10707 MFW) and copied to the U.S. District Court for the District of Delaware (D.C. Case No. 07-240 GMS).

*MOTION SUBMITTED PURSUANT TO: Federal Rules of Bankruptcy Procedures (USC 11 Rules 8001-8020 and other applicable Rules), Local Rules for the US Bankruptcy*

*Court District of Delaware (Rule 8001-1 and 8006-1), Federal Rules of Appellate Procedures (USC 28 2072-2075, Rules 1-48), Federal Rules of Civil Procedures (USC 28 2072-2074, Rules 1-86), Federal Rules of Evidence (Rules 101-1103), Delaware Corporate Law, Other Statutory Law, Case Law, Constitutional Law.*

### *TO SUPPRESS THE USE OF AS EVIDENCE:*

*1.    Suppress* the use of the following as evidence or in a theory:  Debtor *and* American Transactions Inc.'s property that was seized both illegally and/or forcibly, including, but not limited to, American Transactions Inc. and Debtor, any and all allegations of, pleadings, statements, misstatements, information, misinformation, representations, misrepresentations, facts, false presentations presented as facts and/or true facts of, American Transactions Inc. stock, all books and records of, assets including but not limited to cash assets of and liabilities of, legal and financial information of, other information of, all creditors and debtors of, business partners and associates of, relationships of, professionals hired and/or utilized for it and rightful parties, persons, places, entities, or events of, stock owners of, beneficiaries of, members of, control of, operations of, disputes of, character of, actions of, behaviors and/or conduct of, reputation and/or opinion of, measures taken for, public records of, other statements and findings of, and lies and/or conclusions of perjuries presented as evidence or facts of.

*2.    Suppress* the use of the following as evidence or in a theory:  Debtor and Debtor personal and medical affairs and any and all information and professionals, entities, and

persons associated in these capacities, as Debtor has a right to personal privacy in these matters.

3.   *Suppress* the use of the following as evidence or in a theory, including but not limited to activities and that Debtor was forced to do because Debtor was put in fear, the perpetrator knowingly and/or intentionally engaging in prohibited conduct to put the Debtor in fear.

4.   *Suppress* the use of other information, illegally and/or mercenarily and/or avariciously obtained in any way, as evidence or in a theory.  *Suppress* the use of perjuries as evidence or in a theory.

5.   *Suppress* the use of any and all irrelevant evidence, including but not limited to per Federal Rules of Evidence, Rules 101-1103.

6.   *Suppress* the use of allegations *as evidence* without proofs and/or lacking associated sufficient efforts to fully investigate and determine the ultimate true facts and/or true representations. To *suppress* the use of allegations *as evidence* presented as a fact or representation and/or allegations *as evidence* implied or inferred to be in any and/or all ways to be facts and/or representations.

7.   *Suppress* the use of irrelevant case law or other law as evidence, as relevant, as a fact, and/or in a theory:  for example, some Debtor flies off and far away on an Arabian

Night adventure, fulfilling some lust for living an Alice-In-Wonderland life, after a windfall of silver dollars falling from his apple tree or were these monies bestowed upon him by a Greek goddess who was really what he lusted after???. I don't remember. I, the Debtor and Appellant, forget which document in the docket that this example of irrelevant story-telling case law was referenced by the Appellee in the Debtor's bankruptcy case.

8.   *Suppress* the use of complaints to authorities and any related investigational information and/or related knowledge and/or documentation as evidence as these are the subject matter of other jurisdiction.

9.   *Suppress* the use of evidence that diminishes and/or omits, ignores, modifies the substantial rights of the Debtor, American Transactions Inc., and any and all related parties.

***WHY:***

1.   To prevent inclusion and presentation of frivolous and fallacious allegations without proofs, information, and extraneous evidence irrelevant to the merits of the case, while including and presenting only true facts, material evidence and proofs and relevant facts to the merits of the case.

2.    To narrow the groundwork necessary to make an effective and credible case or defense without entering as evidence: allegations that have no factual basis, no evidence, no proofs; an associated none to deficient investigational effort with false, questionable and doubtful conclusions/determinations and/or misstated investigational "finding(s)"; misrepresentations and/or conclusions of perjuries presented as evidence or facts.

3.    To prevent wasting the Court's time and resources, the appellant's and appellee's time and resources, and all costs of this appeal. Note that the Debtor, Appellant, pro se, filed a motion to proceed in forma pauperis due to being insolvent and disabled.

4.    To protect the legal and personal rights of entities and the Debtor, and the personal right of privacy of the Debtor and related persons and parties, and if this Motion not granted, shall be harmful and hurtful to the Debtor and related persons, parties, and entities.

5.    To protect the substantial rights of American Transactions Inc. and the Debtor.

6.    To prevent and/or eliminate disputes regarding subject matter jurisdiction, and jurisdiction over the defendant property, and venue.

7.    To secure fairness in administration and promote growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

8. To clarify the entities and matter before this Court in order to analyze and resolve this case expeditiously. Debtor filed a petition for personal bankruptcy in March 2005 (Case 05-10707 MFW, Delaware) due to a declining financial situation and associated medical problems resulting from a physical injury in 2003. American Transactions Inc. is a separate entity incorporated in the State of Delaware since 2001, was continually operational and in good standing, and paid its obligations. American Transactions Inc. never filed a petition for bankruptcy. American Transactions Inc. made one transaction that was a loan and almost immediately that loan wasn't being paid back and American Transactions Inc. suffered for 3.5 years struggling to collect on it. The Debtor received no financial gain from American Transactions Inc.'s existence. American Transactions Inc. was never a party of, nor represented in, the Debtor bankruptcy case. American Transactions Inc.'s assets, books, and records were seized illegally. Additionally, the stock of American Transactions Inc. was seized. Improper searches involving the Debtor's personal daily activities and personal medical affairs have been conducted and considered by the Debtor as aggravated harassment and violation of personal privacy.

9. To eliminate other matters irrelevant to this appeal and/or matters undergoing investigation and/or being heard outside of this Court.

10. To aide in definition and the submission of Debtor Appellant Pro Se requirement for designations and issues. Note that the Debtor Appellant Pro Se filed a Motion to Leave to Appeal and an amendment to this motion which had been pending being heard

by the Court. Subsequent to the mediation, Debtor Appellant Pro Se contacted the Court [Clerk] on October 2 and 3, 2007 to: 1) request status of two pending motions as the outcome of the Motion to Leave on Appeal affects the Appellant timeline for submitting designations, and 2) request for corrections to the Record correctly designating all parties in the appeal identifying Appellant and the two Appellees, however a subsequent Order for Proposed Briefing Schedule omitted one Appellee and reversed the designations appellant and appellee parties). The Court [Clerk], following discussion with Chambers, concluded and informed the Appellant that the Motion to Leave on Appeal will not be heard and to proceed with filing, although no alternative timeline given. During this discussion with the Court, the Court was aware that the Appellant would be filing a Motion to Proceed on Original Record along with other filings. The Appellant agreed with the Court to file what was needed by the end of the month. Additionally, the Court now being alerted also to the Motion to Proceed in forma pauperis, the Court will hear this motion which may probably get heard by the end of October 2007. Also, on October 3, 2007, the Court filed and entered a remark for corrections to the Record re-identifying all parties with correct designations.

Dated: October 10, 2007

_____
Andrea B. Klika
Appellant, Debtor, Pro Se
100 Belltown Terrace
Bear, DE 19701
(302) 325-1107

CERTIFICATE OF SERVICE

I, Andrea Klika, certify that I am not less than 18 years of age, and that service of the Motion to Suppress the Use Of As Evidence and Notice of Motion was made on 10 October 2007 by U.S. Mail and that service to the following:

Dilworth Paxson LLP
Jennifer L. Maleski, Esq.
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595
[Representing U.S. Trustee George Miller]

D. Buchbinder, Esq.
Kelly B. Stapleton, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Bldg. at 844 King St.
Rm. 2207
Lockbox 35
Wilmington, DE 19801
[D. Buchbinder, Esq., Representing U.S. Trustee]

Under penalty of perjury, I declare that the foregoing is true and correct.

10 October 2007
Date

Signature
Andrea B. Klika
Appellant, Debtor, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br><br>ANDREA KLIKA, )<br>    Debtor, Pro Se )<br><br>In re: )<br><br>ANDREA KLIKA, )<br>    Appellant, Pro Se )<br>    Defendant, Pro Se )<br><br>v. )<br><br>KELLY BEAUDIN STAPLETON, )<br>United States Trustee, )<br>    Appellee )<br>    Plaintiff )<br><br>GEORGE MILLER, )<br>Chapter 7 Trustee, )<br>    Appellee )<br>    Plaintiff )<br>) | D.C. NO. 07-240 GMS<br><br><br>**RE:**<br>**MOTION TO SUPPRESS**<br>**THE USE OF AS**<br>**EVIDENCE.** |

## ORDER

WHEREAS, on October 10, 2007, a Motion to Suppress the Use Of As Evidence was filed by Appellant, Debtor, Pro Se, Andrea Klika.

IT IS HEARBY ORDERED that:

The Motion to Suppress the Use Of As Evidence is **GRANTED**.

Date: _____, 2007      _____
                            The Honorable Gregory M. Sleet
                            United States District Court Judge

                            District of Delaware