**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ANDREA KLIKA<br><br>               Debtor. | Chapter 7<br><br>CASE NO. 05-10707 (MFW) |
| ANDREA KLIKA<br><br>               Appellant,<br><br>    v.<br><br>U.S. TRUSTEE KELLY BEAUDIN<br>STAPLETON, et al.<br><br>               Appellees. | Civil Action No. 07-240 GMS |

**APPELLEE UNITED STATES TRUSTEE'S OBJECTION TO APPELLANT'S MOTION TO SUPPRESS THE USE OF AS EVIDENCE AND NOTICE OF MOTION**

Comes now Kelly Beaudin Stapleton, United States Trustee for Region Three ("UST"), one of the Appellees herein, and opposes the Appellant's Motion to Suppress the Use of as Evidence and Notice of Motion (D.E. 9, "Motion"), on the grounds set forth below:

1.      The United States Trustee for the District of Delaware has the responsibility under 28 U.S.C. Section 586 to supervise the administration of cases and trustees in cases under Chapter 7 and Chapter 11 of Title 11, United States Code.

2.      The United States Trustee is the Appellee herein.  Additionally, the United States Trustee has standing to be heard pursuant to 11 U.S.C. § 307.

3.      The Motion is unintelligible.  The specific relief sought by the Appellant is not ascertainable from a review of the Motion.

1

4.      The Motion fails to specify what Appellant seeks to suppress: specific pleadings, specific documents, or all or a portion of designated transcripts.  At Docket Entry 12, Appellant's Designation of Record, she identifies the entire docket of the underlying bankruptcy case-in-chief (Case. No. 05-10707) and the adversary proceedings appealed from (06-50605, and 06-50607), but then indicates, for example:  "Any Docket entries with evidence so stated in the Motion to Suppress will not be a part of Record, however, practically and realistically, separation of these items prior to being copied and sent over to the Clerk of the District Court is not possible." (D.E. 12 at page 2).  Without describing with specificity that which Appellant seeks to suppress, it is impossible to otherwise respond to the Motion.

5.      The Motion further fails to set forth any legal basis upon which to base the relief sought in the Motion.  Without the Motion setting forth the legal basis upon which to base the relief sought, including the relief sought as to specific portions of the record, be they pleadings, exhibits or portions of the transcript, it is impossible to otherwise respond to the Motion.

6.      The UST reserves her rights to further respond to any amendments to the Motion.

Wherefore, the UST respectfully requests that the Court deny the Appellant's Motion and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: October 19, 2007                        _____

David L. Buchbinder, Esq.
Trial Attorney
Office of the United States Trustee
844 King Street, Ste. 2207
Wilmington, DE.  19801
(302) 573-6491
(302) 573-6497 Fax