**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ANDREA KLIKA<br>        Debtor. | Chapter 7<br><br>CASE NO. 05-10707 (MFW) |
| ANDREA KLIKA<br><br>        Appellant,<br><br>v.<br><br>U.S. TRUSTEE KELLY BEAUDIN STAPLETON, et al.<br><br>        Appellees. | Civil Action No. 07-240 GMS |

**APPELLEE CHAPTER 7 TRUSTEE GEORGE L. MILLER'S LIMITED OBJECTION
TO APPELLANT'S MOTION TO PROCEED ON ORIGINAL RECORD**

George L. Miller, the Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, hereby objects to the Motion to Proceed on Original Record and Eliminate Requirement to File Whole Relevant Docket Entries Already Designated in the Appendix of the Brief (the "Motion") filed by Appellant Andrea Klika (the "Appellant"), and in support thereof, avers as follows:

      1.      On March 11, 2005, the Appellant filed for voluntary relief under Chapter 11 of the Bankruptcy Code.

      2.      On December 12, 2005, the Debtor's Chapter 11 case was converted to Chapter 7 and the United States Trustee appointed George L. Miller as Trustee of the Debtor's estate.

      3.      On March 16, 2007, the Bankruptcy Court entered an Order denying the Debtor's discharge. That Order is the subject of this appeal.

709961_1

4.  On October 12, 2007, the Motion was entered on the docket. In the Motion, the Appellant appears to request that the Court not require her to submit an Appendix along with her appellate brief.[1]

5.  Recognizing that the Appellant is <u>pro se</u> and has limited resources, the Trustee does not object to the Appellant's request that she not be required for file a formal Appendix with her brief. Rather, the Trustee believes that specific references to the docket entries should be sufficient.

6.  It should be clarified, however, that the record on appeal consists of the underlying documents themselves, in addition to the docket entries. If the underlying documents are not part of the record on appeal, the parties will not have a meaningful record in this case.

---

[1] In her Motion, the Appellant cites to Federal Rule of Appellate Procedure 30, which would not apply to this appeal. There is no specific requirement in the Federal Rules of Bankruptcy Procedure that would require the submission of an appendix in a bankruptcy appeal before the District Court. Customarily, however, such appendices are submitted to provide the Court with convenient access to the parts of the record cited by the parties.

WHEREFORE the Trustee respectfully requests that this Court enter an Order clarifying that the underlying documents filed in the Bankruptcy Court proceedings are part of the record on appeal.

Dated: October 22, 2007

/s/ Peter C. Hughes
Peter C. Hughes
Jennifer L. Maleski
Dilworth Paxson LLP
One Customs House – Suite 500
704 King Street
P.O. Box 1031
Wilmington, DE 19801
(302) 571-9800

and

Peter C. Hughes
Jennifer L. Maleski
Dilworth Paxson LLP
1735 Market Street
3200 Mellon Bank Center
Philadelphia, PA 19103
(215) 575-7000
(215) 575-7200 (fax)

Attorneys for George L. Miller,
Chapter 7 Trustee

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ANDREA KLIKA<br><br>        Debtor. | Chapter 7<br><br>CASE NO. 05-10707 (MFW) |
| ANDREA KLIKA<br><br>        Appellant,<br><br>v.<br><br>U.S. TRUSTEE KELLY BEAUDIN STAPLETON, et al.<br><br>        Appellees. | Civil Action No. 07-240 GMS |

## ORDER

**AND NOW,** this _____ day of _____, 2007, upon consideration of the Appellant's Motion to Proceed on Original Record, and any objections thereto, it is hereby:

**ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the underlying documents filed in the Bankruptcy Court proceeding, including Adversary proceedings, are part of the record on appeal in addition to the docket entries themselves.

BY THE COURT:

_____
CHIEF JUDGE GREGORY M. SLEET

710074_1